PARKMAN (LAMB v.). See Cases Nos. 8,-019 and 8,020.

---

## Case No. 10,764.

### Ex parte PARKS.

[1 Hughes, 604.] [1]

Circuit Court, D. Virginia. May 20, 1876.

CRIMINAL JURISDICTION—REVIEW UPON HABEAS CORPUS.

Where the indictment by its averments gave the United States district court jurisdiction of the offence, and that court took jurisdiction, and the jury found the facts charged in the indictment, and the accused was sentenced by the district court. and imprisoned, error in the proceedings cannot be reviewed by the United States circuit court upon habeas corpus. and the accused will be remanded to the custody of the marshal.

[Error to the district court of the United States for the Western district of Virginia.] At law.

BOND, Circuit Judge. The writ of habeas corpus issued in this case was upon the petition of the prisoner, Richard S. Parks, alleging he was illegally detained by the marshal of the Western district of Virginia, commanding the marshal to produce the person of the petitioner, and to make return thereto of the cause of said Park's capture and detention. The marshal has made return that the prisoner is in jail in Harrisonburg, Virginia, in his custody, by virtue of a mittimus of the district court of the United States for the Western district of Virginia, which is in the words following. (Here follows copy of mittimus.) The petitioner alleges, however, that the court had no jurisdiction to make such a commitment, because he was charged in the indictment mentioned therein with an offence which the district court of the Western district had no jurisdiction to try. and that its judgment upon the verdict rendered upon the indictment is absolutely

---

[1] [Reported by Hon. Robert W. Hughes. District Judge, and here reprinted by permission.]

void. The petitioner produces the record of the proceedings in the district court in his case in support of his petition and in response to the marshal's return.

The indictment is drawn under section 5419 of the Revised Statutes, which provides that "every person who forges the signature of any judge, register, or other officer of any court of the United States, . . . for the purpose of authenticating any proceeding or document," shall be punished in the manner prescribed in that section. The indictment has three counts. The first charges that Parks "did forge the signature of C. Douglas Gray, a register in bankruptcy for the Sixth congressional district of Virginia, to a certain receipt, which said receipt is in the words and figures following, to wit: 'Harrisonburg, July 30th, 1875. Received of J. D. Martin by R. S. Parks, his attorney, the application with necessary papers for adjudication in bankruptcy of said Martin; also, fifty dollars, amount of requisite deposit. C. Douglas Gray, Register.' He, the said Richard S. Parks, having committed the forgery aforesaid, for the purpose of authenticating the commencement of proceedings in bankruptcy in the case of J. D. Martin, of Page county, in the state of Virginia." The second count varies from the first in alleging the purpose to have been "the authenticating a proceeding, to .wit, the filing of the petition of J. D. Martin in bankruptcy." The third count sets out no intent or purpose. The indictment appears, therefore, to charge a crime in the words of the statute, which is uniformly held to be sufficient unless there be some ambiguity or technicality in the language of the statute which it is necessary to amplify or explain in order that the party charged may be certain of the offence with which he is charged. If it be an offence at common law, the indictment must set out the elements which constitute that offence. It appears to me that this indictment, upon its face, charges a crime which the district court had jurisdiction to try and determine. Whatever the facts may have been, the indictment, whether true or false, charges an offence which is prohibited by the statute. It charges that he forged the signature of a register in bankruptcy, who is the officer of the district court, and that he did it to authenticate a proceeding, which is all the statute requires. But the petitioner alleges the paper set out in the indictment would not authenticate any proceeding, and that even if he had used the paper for the purpose set out in the indictment it would not have had that effect; and that in fact there were no proceedings in bankruptcy of J. D. Martin, and that he could have had no such purpose. But these are facts to go to the jury to show the intent and purpose necessary to constitute the offence charged, and have nothing to do with the jurisdiction of the court. The jury has found the fact against the prisoner, and we are concluded by that verdict. But

supposing the fact to be that the statute requires that the paper to which the signature of the officer is forged must be a paper which by law he is required to make and sign in the discharge of his official duty, and that though this in fact is not such a paper, the district court determined that it was, is this more than error in the court, and can a judge of the circuit court review the errors of the district court on habeas corpus?

My opinion is that the indictment, by its language gave the district court jurisdiction which once having acquired, no error in its proceeding can be reviewed upon habeas corpus, and the party will be remanded to the custody of the marshal.           \

An order was entered accordingly by his honor, BOND, Circuit Judge, directing "that the said R. S. Parks be remanded to the custody of the marshal for the Western district of Virginia; and it being suggested to the court that the said petitioner desires to enter an appeal, or to make an application to the supreme court of the United States, or one of the justices of the same, for a writ of habeas corpus or other legal proceedings in behalf of said practitioner, the court orders and directs that the execution of the sentence in the said case of the United States v. Richard S. Parks, entered in the district court of the United States for the Western district . of Virginia, at Harrisonburg, Virginia, on the 4th day of May, 1876, be stayed for the period of forty days from this date, and that a copy of this order be sent to the marshal for the Western district of Virginia. And it is ordered that the marshal retain the said Richard S. Parks in his custody meantime, and that at the end of the forty days above specified, he execute the sentence of the district court, unless otherwise directed."

On similar petition to the United States supreme court the principles of this decision were affirmed. See Ex parte Parks, 93 U. S. 18. But the accused was pardoned by the president.